Joy Palmer **HARPER**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 17230.

United States Court of Appeals
Ninth Circuit.

Oct. 24, 1961.

The proof of the substantive offenses disclosed an arrangement between appellant, the operator of an automobile salvage yard in Los Angeles, and one Marin, whereby Marin would purchase wrecked automobiles, transfer their identification plates and license plates to stolen cars of the same make and model and thereafter sell the stolen cars in Nevada, utilizing the certificates of ownership issued upon the purchased wrecks. The wrecks thereafter would be dismantled and sold as parts at appellant's salvage yard. The evidence of this arrangement consisted of the testimony of Marin.

Appellant's principal ground for appeal is that the jury verdict is not supported by the evidence for the reason that the testimony of Marin was manifestly incredible. It appeared from his testimony that Marin made the purchases of the wrecked automobile, stole the cars to which identifications were by him transferred, transported the stolen cars to Nevada and sold them there. Having performed all of these functions and taken all of these risks, according to his testimony, he bestowed upon appellant the greater share of the proceeds.

The trial judge, in dismissing the last two counts after jury verdict, expressed disbelief. He stated, "If I had been the jury I would have discounted Marin's testimony entirely * * *. It doesn't add up to me."

We might be inclined to agree with the district judge's appraisal; but we cannot say that there is no room for disagreement. Appellant's function under the arrangement—that of providing a salvage yard into which the purchased wrecks could be absorbed and rendered unidentifiable—was not an unimportant one. We cannot, then, say that Marin's testimony as to appellant's connection was manifestly incredible. It remained the function of the jury to judge the degree of credibility which should be accorded. There was, further, some independent evidence serving to connect appellant with Marin's activities. We note

Thomas H. Ludlow, Corona, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Division, and Edward M. Medvene, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before STEPHENS, JERTBERG and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

Appellant, convicted of violation of the Dyer Act, 18 U.S.C. § 2312, has taken this appeal from judgment. He was tried on four counts, three involving separate substantive offenses and the fourth a conspiracy. He was found guilty upon all four, after which, upon his motion, the district court dismissed the case, non obstante veredicto, upon the last two counts.

that if there be an incredible aspect of Marin's testimony, it was not in appellant's connection with the criminal arrangement, but only in the extent to which he had profited thereby. We conclude that there was evidence to support the verdict.

Appellant asserts that even if Marin's testimony be accepted as credible, there is nothing in that testimony respecting count number two to connect appellant with that transaction; that, in particular, there is no showing that appellant knew that Marin contemplated stealing and selling the car with which that count dealt.

Marin testified that he had delivered a wreck to appellant's yard, had received the identification and license plates and had told appellant that he had "a 1957 Ford convertible spotted that he was going to pick up." This, we are satisfied, was sufficient.

■ Appellant contends that the United States Attorney was guilty of prejudicial misconduct during the course of the trial. We have examined the matters upon which appellant relies and find no misconduct.

■ Finally, appellant contends that the district court, in denying motion for new trial, misconceived the standard to be applied and erroneously applied the same standard as was applied by him in ruling upon appellant's motion for judgment non obstante veredicto.

While some of the court's remarks (notably those to which we have referred respecting Marin's testimony) are, perhaps, consistent with a granting of new trial, we cannot say that the court misunderstood the function that was his upon such a motion. From his statements it appears that he was satisfied that appellant had had a fair trial and that upon the issue of credibility appellant had had every opportunity to present his side to the jury and that while the judge disagreed with the jurors upon this issue, he saw no injustice in the result.

Affirmed.